## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH E. WADE,
                Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
AT-1221-20-0341-W-1

DATE: May 8, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Joseph E. Wade</u>, Miami, Florida, pro se.

<u>Joved Gonzalez-Rivera</u>, Esquire, Mayaguez, Puerto Rico, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On March 1, 2020, the appellant, a WS-2 Housekeeping Aid Supervisor, filed an appeal with the Board alleging that the agency had wrongfully conspired to terminate him from his position. Initial Appeal File (IAF), Tab 1 at 3, Tab 3 at 78. The appellant averred that he had received a notice of proposed removal on February 28, 2020. IAF, Tab 3 at 5. The appellant also alleged that the agency had done the following: (1) discriminated against him; (2) concealed reports of on-duty employee drug usage; (3) concealed health code violations that resulted in wrongful death(s); (4) provided false information about him to the agency's Office of the Inspector General (OIG); (5) misplaced evidence relevant to his innocence; (6) violated departmental procedures; and (7) slandered and/or defamed him. IAF, Tab 1 at 5. With his initial filings, the appellant submitted documents pertaining to an agency police investigation into allegations against him involving on-the-job sexual misconduct, *e.g.*, IAF, Tab 3 at 12-15, as well as a partially truncated January 2, 2020 newspaper article seemingly regarding the investigation into the same, *id.* at 98, 100-01. The appellant also provided a copy of an undated complaint that he had filed with the Office of Special Counsel (OSC) wherein he had alleged, among other things, retaliation for whistleblowing. IAF, Tab 4 at 13-37. The appellant requested a hearing on the matter. IAF, Tab 1 at 2.

The administrative judge issued a show cause order wherein she explained that, insofar as the agency had, to date, merely proposed to remove the appellant, the Board lacked jurisdiction over the matter as an adverse action appeal. IAF, Tab 7 at 1-2. She ordered the appellant to file evidence and argument as to the basis of the Board's jurisdiction. *Id.* at 2. In response, the appellant filed a pleading that suggested that he had intended to file an IRA appeal. IAF, Tab 12 at 4, 13. However, the pleading also referenced both the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and the Veterans

Employment Opportunities Act (VEOA).[2]  *Id.* at 13.  Thereafter, the administrative judge issued a jurisdictional order wherein she explained the circumstances under which the Board has jurisdiction to adjudicate IRA appeals; however, the order did not address the Board's jurisdiction under either USERRA or VEOA.  IAF, Tab 13 at 2-8.  In response, the appellant provided three letters from OSC, including a March 11, 2020 close-out letter that provided him with his Board appeal rights.  IAF, Tab 15 at 4-10.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 30, Initial Decision (ID) at 1, 11.  In so doing, she found that the appellant had failed to exhaust his administrative remedies with OSC regarding either (1) his purported protected disclosures or (2) the personnel action at issue in his Board appeal, i.e., his proposed removal.  ID at 7-9 & n.8.  She further concluded that the appellant had failed to make a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8) insofar as the appellant's characterization of his disclosures was "too vague and non-specific."  ID at 9-11.  She also implicitly concluded that the appellant had failed to make a nonfrivolous allegation that he had engaged in protected activity under 5 U.S.C. § 2302(b)(9). ID at 10.

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply to the agency's response.  Petition for Review (PFR) File, Tabs 1, 5, 7.[3]

---

[2] Standard Form 50s included in the record indicated that the appellant is a disabled veteran.  *E.g.*, IAF, Tab 3 at 78.  The appellant also averred on his initial appeal form that he is a "DISABLED SERVICE CONNECTED VETERAN."  IAF, Tab 1 at 5 (punctuation as in original).

[3] With his reply, the appellant provides additional documents, to include general information about the Board and OSC, information regarding his prior Board filings, and various email communications.  PFR File, Tab 7 at 4-14, 18-23.  The appellant has briefly annotated some of these documents.  *E.g.*, *id.* at 8-9.  We find that the documents are not material to the jurisdictional issue, and we do not decide whether they constitute "new," previously unavailable evidence.  *See* 5 C.F.R. §§ 1201.114(a)

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[4] that he exhausted his remedies before OSC and make nonfrivolous allegations of the following:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39.  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).  The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).  Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of affording the appellant a hearing.  *Grimes v. Department of the Navy*, 96 M.S.P.R. 595, ¶ 12 (2004).  Whether the appellant's allegations can be proven on the merits is not part of the jurisdictional inquiry.  *Lane v. Department of Homeland Security*, 115 M.S.P.R. 342, ¶ 12 (2010).

We find that the appellant made nonfrivolous allegations of two protected disclosures under 5 U.S.C. § 2302(b)(8) and showed that he exhausted these claims with OSC.

The appellant referenced numerous disclosures in his filings before the administrative judge.  IAF, Tab 1 at 5, Tab 3 at 2-3, Tab 4 at 20-21.  However, in

---

(4), 1201.115(d).

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

her initial decision, the administrative judge concluded that the appellant's assertions were "too vague and non-specific" to amount to a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 10-11. We disagree.

A protected disclosure is one that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 & n.3 (2013). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced any of the conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 5. The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016). In determining whether an appellant has made a nonfrivolous allegation in an IRA appeal, the Board may consider matters incorporated by reference, matters integral to the appellant's claim, and matters of public record. *Hessami*, 979 F.3d at 1369 n.5.

> *The appellant made a nonfrivolous allegation that he made a protected disclosure to the Occupational Safety and Health Administration (OSHA).*

In his filings before the administrative judge, the appellant referenced health code violations and he asserted that he had made disclosures regarding "[v]iolations of public safety" and "[e]ndangering patients' safety." IAF, Tab 1 at 5, Tab 3 at 2. He also referenced an OSHA complaint(s), IAF, Tab 4 at 9, and provided a letter from OSC indicating that he had alleged that he had been retaliated against for having made a report to OSHA, IAF, Tab 15 at 4.

In a prior Board appeal adjudicated by the same administrative judge, the appellant submitted an OSHA complaint wherein he disclosed the following:

(1) the agency's purported contamination of storm drains; (2) the agency's intermixing of biohazardous waste with regular trash; (3) unsecured biohazardous waste containers; and (4) unsanitary conditions in patient rooms that led to an "EXTREMELY HIGH RISE IN PATIENTS DEATHS." *Wade v. Department of Veterans Affairs*, MSPB Docket No. AT-3443-19-0380-I-1, Initial Appeal File (0380 IAF), Tab 5 at 43 (grammar and punctuation as in original).[5] Although the complaint is undated, we can surmise that the appellant filed the same on or about April 6, 2019, when OSHA apparently referred the appellant to the Environmental Protection Agency. *Id.* at 86-88. We find that, through this complaint, the appellant may reasonably have believed that he had disclosed a substantial and specific danger to public health and safety. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶¶ 19-20 (2013) (concluding that an appellant's disclosure that medical carts were not properly cleaned and restocked constituted a protected disclosure of a substantial and specific danger to public health and safety); *see also Easterbrook v. Department of Justice*, 85 M.S.P.R. 60, ¶ 8 (2000) (concluding that the appellant made a protected disclosure when he notified OSHA that there were dead pigeons and pigeon excrement in his workplace). Thus, we find that the appellant made a nonfrivolous allegation of a protected disclosure vis-à-vis his OSHA complaint. Moreover, insofar as OSC's preliminary determination letter specifically references the appellant's report with OSHA, we find that the appellant exhausted his administrative remedies regarding this disclosure. IAF, Tab 15 at 4.

---

[5] Although the appellant submitted this document in another Board appeal, he referenced both his OSHA complaint and patient safety in his pleadings for this matter; thus, we find that it is appropriate to consider this filing. *See Hessami*, 979 F.3d at 1369 n.5.

*The appellant made a nonfrivolous allegation that he made a protected disclosure on August 19, 2019.*

The appellant asserted that he made a series of disclosures to both agency management and agency police on August 19, 2019.[6]  IAF, Tab 4 at 20-21. Although the appellant's description of the majority of his August 19, 2019 disclosures was both vague and conclusory, read together, we interpret his filings as alleging that, on this date, he disclosed to agency management and agency police drug-related criminal activity at the agency, to include his having witnessed agency employees under the influence of illegal narcotics while on duty.  IAF, Tab 1 at 5, Tab 3 at 2-3, Tab 4 at 20-21, 31.  We find that this assertion amounted to a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8).  *See Berkley v. Department of the Army*, 71 M.S.P.R. 341, 351-52 (1996) (concluding that the appellant's allegation that he had witnessed an apparent theft while on duty constituted a nonfrivolous allegation of a disclosure of a violation of law).  Insofar as the appellant provided documentation showing that he referenced this purported August 19, 2019 disclosure in his OSC complaint, we find that he showed that he exhausted his administrative remedies regarding the same.  IAF, Tab 4 at 20; *see Mudd*, 120 M.S.P.R. 365, ¶ 12 (explaining that an appellant can demonstrate exhaustion by providing, among other things, an OSC complaint).

The appellant made nonfrivolous allegations that he engaged in protected activity under 5 U.S.C. § 2302(b)(9), and he showed that he exhausted his administrative remedies regarding this activity.

The appellant averred before the administrative judge that he had disclosed information to the following entities:  (1) the Department of Veterans Affairs

---

[6] The appellant also alleged that he had made these same disclosures to "EEO."  IAF, Tab 3 at 2, Tab 4 at 21.  However, reprisal for exercising an equal employment opportunity (EEO) right is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9), not 5 U.S.C. § 2302(b)(8).  *See Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶¶ 7, 10 (2014).  Accordingly, we have considered the appellant's EEO-related assertions herein as allegations of protected activity under 5 U.S.C. § 2302(b)(9).

Office of Accountability and Whistleblower Protection (OAWP)/OIG; (2) the agency's Office of Resolution Management (ORM)/"EEO";[7] (3) "HHP";[8] and (4) the Board. IAF, Tab 18 at 4. In her initial decision, the administrative judge acknowledged that the appellant had submitted correspondence from both OAWP and OIG, and had provided a copy of a complaint alleging employment discrimination. ID at 10. She did not, however, render an explicit finding as to whether the appellant made a nonfrivolous allegation that he engaged in any protected activity as a result of this activity; rather, she implicitly concluded that the appellant could not have satisfied the subject jurisdictional criterion because his communications with these entities "appear[ed] to contain the appellant's grievances concerning his proposed removal and allegations of discrimination because of his protected status." *Id.* We disagree with this conclusion.

> *The appellant engaged in protected activity through his disclosure of information to OAWP/OIG.*

Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he cooperates with or discloses information to an agency's OIG (or any other component responsible for internal investigation or review) in accordance with applicable provisions of law. Thus, if an appellant's disclosure of information to such an entity was lawful, the substance of the disclosure is not material to whether the appellant has satisfied the subject jurisdictional criterion.[9] *See Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (explaining that, under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), any disclosure

---

[7] ORM, which offered alternative dispute resolution for, among other things, equal employment opportunity (EEO) matters, is now the agency's Office of Resolution Management, Diversity & Inclusion. *See* https://www.va.gov/ormdi/ (last visited May 8, 2024). We surmise that the appellant's purported disclosures to both ORM and "EEO" were one and the same, i.e., his EEO-related complaints.

[8] The appellant neither identified "HHP" nor discernably alleged any disclosures made thereto. We surmise, however, that he was referring to the agency's Harassment Prevention Program, which is a subcomponent of the agency's Office of Resolution Management, Diversity & Inclusion that is referred to on the agency's website as "HPP." *See* https://www.va.gov/ORMDI/HPP.asp (last visited May 8, 2024).

of information to OIG is protected regardless of its content as long as such disclosure is made in accordance with applicable provisions of law). Here, the appellant alleged that he disclosed information to OAWP, an agency component responsible for internal investigation and review. IAF, Tab 18 at 4; *see* 38 U.S.C. § 323(c)(1)(H). Indeed, he provided an email summarizing an initial series of disclosures that he made to OAWP on October 28, 2019, IAF, Tab 4 at 4-5, as well as a January 14, 2020 email evincing that OIG had accepted for investigation some of his allegations, thereby closing OAWP's investigation, *id.* at 41. The appellant's filings also indicated that he made subsequent, additional disclosures to OAWP. *Id.* at 42-47. Accordingly, we find that the appellant made a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) through his disclosure of information to OAWP.[10] Insofar as the appellant provided correspondence with OSC evincing that he raised this protected activity with OSC, we also find that he showed by preponderant evidence that he exhausted his administrative remedies regarding the same. IAF, Tab 15 at 4, 9.

> *The appellant made a nonfrivolous allegation of protected activity through one of his prior equal employment opportunity (EEO)/ORM complaints.*

Protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) includes "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . *with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)].*" 5 U.S.C. § 2302(b)(9)(A)(i) (emphasis added). Thus, an EEO complaint may be

---

[9] However, the nature of an appellant's disclosures may be relevant at the merits stage of an IRA appeal, when an appellant must prove the contributing factor element by preponderant evidence and the agency can defend itself by providing clear and convincing evidence that it would have taken the same personnel action absent the protected activity. *See Fisher*, 2023 MSPB 11, ¶ 8 n.1; *see also Corthell*, 123 M.S.P.R. 417, ¶ 13 (setting forth the elements and burden of proving the merits of an IRA appeal based on a claim of reprisal for perceived activity under 5 U.S.C. § 2302(b)(9)(C)).

[10] We are unable to distill from the appellant's filings any allegations that he disclosed information directly to the agency's OIG.

protected under 5 U.S.C. § 2302(b)(9)(A)(i) if the complaint sought to remedy a violation of 5 U.S.C. § 2302(b)(8). *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶¶ 15-16.

Here, the appellant provided documents showing that he had filed two separate EEO complaints, one on August 27, 2019, and one on November 19, 2019. IAF, Tab 4 at 6, 9, 38-40. In his August 27, 2019 complaint, the appellant alleged that he had been subjected to harassment and a hostile work environment. *Id.* at 38-39. Following informal counseling, the agency apparently closed the matter on November 19, 2019. *Id.* at 38. That same day, the appellant filed a second EEO complaint wherein he alleged that the agency had subjected him to retaliation and harassment for filing, among other things, "Osha complaints." *Id.* at 9 (punctuation as in original). Insofar as the appellant's August 27, 2019 complaint did not seek to remedy a violation of 5 U.S.C. § 2302(b)(8), it did not amount to protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). *See Mudd*, 120 M.S.P.R. 365, ¶¶ 2, 7 (concluding that the Board lacked jurisdiction over an appellant's filing of a grievance that did not seek to remedy a violation of 5 U.S.C. § 2302(b)(8)). However, because the appellant seemingly alleged whistleblower reprisal in his November 19, 2019 complaint, i.e., retaliation for his disclosures to OSHA, we find that he has made a nonfrivolous allegation of protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). Moreover, we find that the appellant exhausted this claim with OSC. IAF, Tab 15 at 4-5.

> *The appellant failed to make a nonfrivolous allegation of protected activity vis-à-vis his prior activity with the Board.*

Lastly, the appellant ostensibly alleged that he engaged in protected activity vis-à-vis prior activity with the Board. IAF, Tab 18 at 4. Although the nature of his argument was unclear, OSC's preliminary determination letter suggested that the appellant had alleged before OSC that the agency had retaliated against him for his prior "appeal of a letter of admonishment with the MSPB." IAF, Tab 15 at 4; 0380 IAF, Tab 1. However, insofar as the appellant's prior

Board appeal did not seek to remedy a violation of 5 U.S.C. 2302(b)(8), we find that the appellant failed to make a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). 0380 IAF, Tab 10, Initial Decision at 4 (finding that the appellant did not make a nonfrivolous allegation that he engaged in whistleblowing activity that was a contributing factor in the letter of admonishment); *see Mudd*, 120 M.S.P.R. 365, ¶¶ 2, 7.

Accordingly, we find that the appellant made nonfrivolous allegations of two protected disclosures, i.e., his April 2019 OSHA complaint and his August 19, 2019 drug-related disclosure, and two instances of protected activity, i.e., his disclosures to OAWP beginning on October 28, 2019, and his November 19, 2019 EEO complaint, and he exhausted his administrative remedies with OSC regarding the same.

The appellant made a nonfrivolous allegation of three personnel actions under 5 U.S.C. § 2302(a), and he showed that he exhausted his administrative remedies regarding two of these three personnel actions.

The appellant identified three personnel actions in his filings before OSC and the Board: (1) a change in his working conditions; (2) a reassignment; and (3) his proposed removal. IAF, Tab 1 at 3, Tab 15 at 5, 9. In the initial decision, the administrative judge found that, although the appellant "may have exhausted his administrative remedies with OSC" as to his claims regarding changes in his job duties and his reassignment, he "ha[d] not indicated that he [was] appealing those actions [with the Board]." ID at 9. She also seemingly concluded that, although the appellant's proposed removal constituted a cognizable personnel action, the appellant could not have exhausted this personnel action with OSC because he had filed his OSC complaint before the agency had proposed his removal. ID at 9 & n.8. We disagree with these findings.

*The appellant made a nonfrivolous allegation that the agency significantly changed his working conditions, and he showed that he exhausted this personnel action with OSC.*

As relevant here, the definition of "personnel action" includes "any . . . significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii). The Board has found that, although "significant change" should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical consequence for an appellant constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 15-16. To this end, the agency actions must have a significant effect on the overall nature and quality of the appellant's working conditions, duties, or responsibilities. *Id.*

Here, in his Board filings, the appellant averred that agency personnel had harassed him, bullied him, slandered him, defamed him, coerced false testimony about him, and falsely accused him of criminal activity. IAF, Tab 1 at 5, Tab 3 at 2-3. We find that these contentions, if accepted as true, collectively amount to a nonfrivolous allegation of a significant change in working conditions. *See Skarada*, 2022 MSPB 17, ¶ 18 (concluding that the appellant's allegations that agency personnel harassed him, subjected him to a hostile work environment, subjected him to multiple investigations, accused him of "fabricating data" and of a Privacy Act violation, refused his request for a review of his position for possible upgrade, yelled at him, and failed to provide him the support and guidance needed to successfully perform his duties amounted to a nonfrivolous allegation of a significant change in his working conditions). Moreover, insofar as the appellant provided documentation evincing that he raised similar claims with OSC, we find that the appellant showed that he exhausted his administrative remedies with respect to this claim. IAF, Tab 4 at 31, Tab 15 at 5, 9.

*The appellant made a nonfrivolous allegation that the agency reassigned him, and he showed that he exhausted this claim with OSC.*

The definition of "personnel action" also includes "a detail, transfer, or reassignment." 5 U.S.C. § 2302(a)(2)(A)(iv). Here, the appellant provided a document indicating that, on August 23, 2019, he had received a letter "removing him from acting as in a Supervisor capacity and assigning him to perform Administrative duties." IAF, Tab 4 at 38 (punctuation as in original). Thus, we find that he has made a nonfrivolous allegation of a personnel action under 5 U.S.C. § 2302(a)(2)(A)(iv). *See Miles v. Department of Veterans Affairs*, 84 M.S.P.R. 418, ¶ 6 (1999) (explaining that the Board construes pro se pleadings liberally). We also find that he demonstrated that he exhausted his administrative remedies regarding this personnel action. IAF, Tab 15 at 5, 9.

*The appellant made a nonfrivolous allegation that the agency proposed his removal; however, he failed to show that he exhausted this claim with OSC.*

A proposed removal is a personnel action under 5 U.S.C. § 2302(a)(2)(A)(iii), (b)(8), and (b)(9). *See Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 25 (2004). In her initial decision, the administrative judge seemingly concluded that, although the appellant's proposed removal constituted a threatened personnel action, the appellant could not have exhausted his proposed removal with OSC because he had filed his OSC complaint prior to the February 28, 2020 proposed removal. ID at 9 & n.8. However, the relevant inquiry was not whether the appellant raised his proposed removal in his initial OSC complaint but rather whether he had provided OSC with a sufficient basis to investigate his proposed removal prior to OSC's March 11, 2020 termination of its investigation into his complaint. *See Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992) (stating that, to satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3) in an IRA appeal, an appellant must inform OSC of the precise ground of her charge of whistleblowing, giving OSC a

sufficient basis to pursue an investigation which might lead to corrective action); *see also MacDonald v. Department of Justice*, 105 M.S.P.R. 83, ¶ 10 (2007) (concluding that the appellant could not have exhausted his suspension with OSC when OSC had terminated its investigation into his complaint before the agency had effected his suspension).

Here, the appellant provided a copy of his response to OSC's preliminary determination letter, which is dated February 28, 2020, i.e., the date the appellant received notice of his proposed removal. IAF, Tab 3 at 5, Tab 15 at 11-15. In this filing, the appellant seemingly made a vague reference to his proposed removal. IAF, Tab 15 at 14. Specifically, he stated, without clear context, the following: "[u]nsubstantiated, allegations and rumors do not provide grounds for termination, as suggested in a memorandum issued along with the evidence packet, provided by [agency management], on 02/28/20." *Id.* (punctuation as in original). Given the ambiguity of the appellant's apparent reference to his proposed removal, we conclude that the appellant did not exhaust this claim with OSC. *See Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1037 (Fed. Cir. 1993) (explaining that the exhaustion inquiry requires the Board to determine whether the appellant has "articulate[d] with reasonable clarity and precision [before OSC] the basis for his request for corrective action"). Indeed, subsequent to the issuance of the initial decision in this matter, the appellant filed a separate complaint with OSC regarding his proposed removal and, thereafter, a separate IRA appeal related thereto. *Wade v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-21-0210-W-1, Initial Appeal File, Tab 1 at 11.

Accordingly, we find that, for purposes of this matter, the appellant has nonfrivolously alleged two personnel actions for which he showed that he exhausted his administrative remedies with OSC, i.e., his change in working conditions and his reassignment. *See* 5 U.S.C. § 2302(a)(2)(A)(iv), (xii).

<u>The appellant satisfied the contributing factor jurisdictional criterion.</u>

Although the appellant has not provided a clear timeline of events regarding all of his allegations, insofar as the appellant, who is pro se, alleged knowledge by agency officials and a close temporal proximity between his protected disclosures/protected activity and the personnel actions at issue here, i.e., his altered working conditions and his reassignment, we find that he has satisfied the contributing factor jurisdictional criterion. IAF, Tab 4 at 4-5, 21-22, 38; *see Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012).

Accordingly, we find that the appellant made a nonfrivolous allegation that his protected disclosures and his protected activity contributed to his reassignment and a significant change in his duties and working conditions; therefore, he is entitled to his requested hearing and a decision on the merits of his appeal. IAF, Tab 1 at 2; *see Salerno*, 123 M.S.P.R. 230, ¶ 5. Prior to conducting a hearing, the administrative judge shall afford the parties a reasonable opportunity to complete discovery and order the parties to submit any other evidence that she deems necessary to adjudicate the merits of the appellant's IRA appeal. *See Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 14 (2016). Additionally, because the appellant referenced both USERRA and VEOA in his filings and the administrative judge did not provide him with jurisdictional notice related thereto, on remand, the administrative judge shall clarify whether the appellant intended to raise a USERRA and/or VEOA claim and, if so, she shall inform him of the applicable burdens and the elements of proof. IAF, Tab 12 at 13; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (explaining that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.